are for life, *Pirelli* now instructs this Court that when an employer, on its own initiative, provides materially false or inaccurate information to employees as to the future benefits of a plan, and the employees rely upon that information to their detriment, the employer fails to uphold its fiduciary duty to act solely in the best interests of the plan participants under ERISA. *See Pirelli*, 305 F.3d at 455 ("Thus, with respect to the situation presented when an employer on its own initiative disseminates false and misleading information about a benefit plan, the position of the Sixth Circuit is aligned with that of the Third Circuit in *Unisys*."). In the matter before us today, the factual allegations appear to indicate**,** via the slide show and printed bulletins presented to Plaintiffs by Defendants as well as via Plaintiffs' own testimony, that a question may have remained to support a breach of fiduciary claim under ERISA as set forth in *Pirelli*. *See id.* at 449-55.

With that said, however, it should be emphasized that this case fails under the legal theory upon which it was pleaded, breach of contract, and this concurrence is not to address the potential merits of any other legal theory upon which this case may have been brought.

I therefore respectfully concur in full in the majority opinion.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0009P (6th Cir.)
File Name: 03a0009p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

LEE NESTER; TOM SOWDERS;
DON SCHNEIDER,
     *Plaintiffs-Appellants,*

    *v.*

ALLEGIANCE HEALTHCARE
CORPORATION,
     *Defendant-Appellee.*

No. 01-3555

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 99-00193—Walter H. Rice, Chief District Judge.

Argued: September 10, 2002

Decided and Filed: January 10, 2003

Before: KRUPANSKY and CLAY, Circuit Judges; GWIN,
District Judge.[*]

_____

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

---

**COUNSEL**

---

**ARGUED:** Scott A. Lefelar, MILLISOR & NOBIL, Cleveland, Ohio, for Appellants. Brian T. Johnson, BAKER & HOSTETLER, Columbus, Ohio, for Appellee. **ON BRIEF:** Paul C. Morrison, MILLISOR & NOBIL, Cleveland, Ohio, for Appellants. Brian T. Johnson, Elizabeth A. McNellie, BAKER & HOSTETLER, Columbus, Ohio, for Appellee.

KRUPANSKY, J., delivered the opinion of the court, in which CLAY, J. and GWIN, D. J., joined. CLAY, J. (pp. 7-8), also delivered a separate concurring opinion.

---

**OPINION**

---

KRUPANSKY, Circuit Judge. In this diversity state law breach of contract action, the plaintiff-appellants Lee Nester, Tom Sowders, and Don Schneider (collectively "the plaintiffs" or "the Former Employees"), have contested the district court's judgment for their erstwhile employer, defendant-appellee Allegiance Healthcare Corporation ("Healthcare" or "the defendant"), a subsidiary of Allegiance Corporation ("Allegiance"). The Former Employees have claimed that Allegiance/Healthcare promised them eight years of special pension plan contributions referred to as "transition benefits" or "transition contributions" in exchange for their voluntary inter-company job transfers. However, approximately two years after those re-assignments, Healthcare terminated the employment of each plaintiff, simultaneously discontinuing their transition benefits. The trial court ruled that the plaintiffs had not proved sustainable claims under Ohio contract law, because those state law causes of action were precluded by federal pre-emption under the Employee Retirement Income Security Act of 1974, as

---

**CONCURRENCE**

---

CLAY, Circuit Judge, concurring. The majority is correct in its conclusion that Plaintiffs' state law breach of contract claims seeking to recover certain "transition benefits" allegedly promised to Plaintiffs by Defendant Allegiance Healthcare Corporation, and relied upon by Plaintiffs in deciding to terminate their employment with Baxter International, Inc., are preempted by the Employment Retirement Security Act of 1974, ("ERISA"), 29 U.S.C. § 1001 *et seq.* In addition, the majority is correct in its holding that Plaintiffs' claims for the unpaid transition benefits fail as a matter of law under ERISA inasmuch as the plan documents do not provide for the benefits in question. Therefore, I fully concur in the majority opinion; however, I write separately at this time to reinforce the basis upon which the majority holding rests.

Based on the legal theory upon which Plaintiffs' sought to recover the transition benefits in this case, breach of contract, it is factually undisputed that the plan documents do not provide for the these benefits and that, as a result, recovery is precluded under ERISA. However, pursuant to this Court's recent decision in *James v. Pirelli Armstrong Tire Co.*, 305 F.3d 439 (6th Cir. 2002), had Plaintiffs proceeded under a breach of fiduciary duty theory, an open question may have remained as to whether Defendant, on its own initiative, provided materially false or inaccurate information regarding future benefits under the plan upon which Plaintiffs relied to their detriment.

As the case of *In re Unisys Corp.*, 57 F.3d 1255 (3d Cir. 1995) instructs the Third Circuit that a reservation of rights provision cannot protect an employer from liability for a breach of fiduciary duty claim under ERISA when the employer deliberately fosters a belief that retirement benefits

entirely by ERISA jurisprudence.  *Nester v. Allegiance Healthcare Corp.*, 162 F.Supp.2d 910 (S.D. Ohio 2001).  This reviewing court, following careful study and consideration of the district court's well-reasoned opinion and judgment for the defendant, the briefs and arguments of counsel, the materials included in the parties' joint appendix, and the controlling legal authorities, has, upon *de novo* examination, identified no reversible error of fact or law in the district judge's resolution of the plaintiff's claims.  Accordingly, the district court's April 18, 2001 ruling is adopted as the decision of this reviewing court.

Because each of the plaintiffs' assignments of error was misconceived, final judgment for the defendant is **AFFIRMED**.

amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"); and furthermore, the plaintiffs had failed to prove that the ERISA plan documents supported their claims. *Nester v. Allegiance Healthcare Corp.*, 162 F.Supp.2d 910 (S.D. Ohio 2001). The sole question posed on review is whether the plaintiffs have valid breach of contract claims, under either Ohio law or ERISA jurisprudence, against their former employer, anchored in its failure to contribute allegedly-promised transition benefits to the Former Employees' ERISA-governed pension accounts after August 1998.

The Former Employees have evidenced that, in 1996, their then-employer Baxter International, Inc. ("Baxter") reorganized its operations.  A portion of Baxter's manufacturing activities were restructured under a newly-incorporated spin-off company, Allegiance Corporation, which, as stated previously, owned a subsidiary known as Allegiance Healthcare Corporation, the defendant herein. The founders of Allegiance created an individual-account pension benefit plan for its workers, effective October 1, 1996. Certain Baxter employees, including the plaintiffs, were asked to transfer to Allegiance/Healthcare effective October 1, 1996, which would cause them to lose their accrued benefits in the Baxter defined benefit pension plan.  To encourage those employees to accept new jobs with Allegiance, the principals of the new enterprise offered them special additional "transition contributions" to their retirement accounts, in exchange for their voluntary job reassignments and surrender of their accumulated pension benefits under the Baxter plan.  The plaintiffs have alleged, without supporting evidence, that Allegiance officials had promised them, via a slide show presentation and/or printed bulletins, eight full years of transition benefits, which would be paid through October 1, 2004.

By contrast, Allegiance evidenced that its official written Plan Summary, effective October 1, 1996, unambiguously posited that any employee otherwise entitled a transition benefit contribution must, with exceptions not relevant to the

case *sub judice* for employees who retired or died within the plan year, be employed by Allegiance on the last day of the subject plan year (which was December 31 of the ordinary calendar year). Furthermore, the Plan Summary specified that, although a "transition" employee could receive transition benefits for a maximum of eight years, he or she would forfeit any future unaccrued transition benefits should the employee have "incurred a Termination of Employment" or was otherwise not "employed on the last day of the Plan Year." Moreover, the Plan Summary explained that transition benefits would be calculated using a percentage of the employee's base pay for a given plan/calendar year. Accordingly, if a former employee received no base pay during a given calendar year, that individual could not be entitled to any transition contribution for that annum.

In August 1998, Healthcare sold the facility where the plaintiffs had worked since October 1, 1996. During a downsizing that followed the sale, the plaintiffs were dismissed. Accordingly, because none of the plaintiffs was an Allegiance/Healthcare employee on December 31, 1998, none received any transition benefit contributions for 1998, nor during any subsequent year. Following the plaintiffs' unsuccessful demands to Healthcare's ERISA plan administrator[1] for post-termination transition payments, they initiated breach of contract actions against their former employer in Ohio court, which the defendant subsequently removed to federal district court by reason of citizenship diversity.

Typically, courts review a retirement plan administrator's denial of benefit claims *de novo*, unless the plan documents invest the plan administrator with discretionary authority to determine benefit eligibility or to construe the terms of the plan, in which instance the plan administrator's decision is

---

[1]Under the Allegiance Corporation Retirement Plan document, § 9.1, the Allegiance plan administrator was a committee composed of at least three persons.

examined under the deferential "arbitrary and capricious" standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111-15 (1989); *Sanford v. Harvard Indus., Inc.*, 262 F.3d 590, 595 (6th Cir. 2001). The Allegiance Corporation Retirement Plan document, § 9.2, bestowed "complete and unfettered discretion" upon the administrative committee to construe plan terms and define the rights and benefits of plan participants. However, the district court resolved that Allegiance had waived that contention by neglecting to assert it prior to the entry of judgment against it. Accordingly, the district judge examined the denial of the Former Employees' claims *de novo*.[2] *See Nester*, 162 F.Supp.2d at 906.

Furthermore, because the question of ERISA pre-emption of state law claims is one of law, it also is assessed *de novo*. *Crabbs v. Copperweld Tubing Products Co.*, 114 F.3d 85, 89 (6th Cir. 1997). Generally, ERISA broadly precludes any state law cause of action which relates to any employee benefit plan. *See* 29 U.S.C. § 1144(a); *Rush Prudential HMO, Inc. v. Moran*, 122 S. Ct. 2151, 2158 (2002). Specifically, any juridical complaint for recovery of any benefits allegedly due to the plaintiff under an employee benefit plan is strictly, and exclusively, governed by ERISA jurisprudence. *Gordon v. Barnes Pumps, Inc.*, 999 F.2d 133, 137 (6th Cir. 1993); *Fisher v. Combustion Engineering, Inc.*, 976 F.2d 293, 296-97 (6th Cir. 1992).

In the case *instanter*, the district court concluded that (1) the subject plan documents did not entitle the Former Employees to the claimed unpaid transition contributions, and therefore the plaintiffs had not proved their claims under ERISA jurisprudence; and (2) no Ohio contract law claim for the disputed transition benefits was cognizable, because the plaintiffs' claims for those pension benefits is controlled

---

[2]If a plan fiduciary's determination passes the highly demanding *de novo* judicial review standard, then *a fortiori* it also satisfies the far less rigorous demands of the deferential "arbitrary and capricious" review standard.